Sam **NAMY** and **Fatima Namy, his wife,**
**Plaintiffs-Appellants,**

v.

**GENERAL TIRE & RUBBER COM-**
**PANY, an Ohio corporation,**
**Defendant-Appellee.**

No. 72–2001.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1973.

Decided June 8, 1973.

Norman P. Ochs, Detroit, Mich., on brief, for plaintiffs-appellants.

Robert R. Rekiel, Detroit, Mich., for defendant-appellee; Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch, John R. Secrest, Detroit, Mich., on brief.

Before EDWARDS, PECK and KENT,* Circuit Judges.

PER CURIAM.

This case was tried before a jury in the United States District Court for the Eastern District of Michigan. At the end of plaintiffs' proofs, on defendant's motion, the District Judge directed a

* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 28, 1973.

verdict against plaintiffs, holding that Mrs. Namy's proofs of negligent injury were too speculative to provide a basis for submission to the jury. We reverse.

At trial plaintiff, Mrs. Namy, testified, albeit in somewhat broken English, that she stopped at the General Tire Store at Thirteen Mile Road and Woodward Avenue in Royal Oak, Michigan and purchased three tires and had them installed and that thereafter she drove two or three blocks on Woodward Avenue when the car turned around three times and she was thrown forward, hitting her chest on the steering wheel. She testified in effect that the left rear wheel had fallen off her car and was in the middle of Woodward Avenue. Her testimony continues:

Q. What did you do then, Mrs. Namy?

A. He take me, that boy—I says, please, Honey, I can't walk. *Just take me to General Tire because he just put me tire right on, you know.* He drive me, that boy, over there to manager. He see me. He see me, you know, just different, you know person. He says, Mrs. Namy, what happened? I just got—I said, you know —he said, what's the matter? You got accident? I say worse than accident. He say, what happened?

*I say, one of my tire, you know, no screw, no bolt in it. Nothing. She fall in the middle of Woodward.*

Q. *You mean there were no screws on the tire?*

A. *Nothing, sir.*

Q. Nothing.

A. He said, what are you talking about?

I say, come on look for yourself.

I go over there. Right away, my car, he pulled from me on Woodward. He pulled in the side.

Q. He pulled it up in the median there?

A. Yes, sir. Policeman and road service.

Q. What happened after they pulled your car away?

A. Well, he come, you know, manager. Even he ask service man, he say, you know, how you put the car? How tire coming off? He say, I look myself; I no find nothing, you know, in the tire. The tire is off from car.

Q. Did you drive home in that car that night?

A. No, because all bend up, you can't drive. *Manager, he told me, I going to send one of my man; he going to drive you home. I fix your car.—I bring it myself.* (Emphasis supplied.)

In addition, we note that the pretrial order entered by the District Judge in this case said as follows:

"III. *Stipulation of Facts:*

Defendant will stipulate as to jurisdiction that the wheel became loose on that date, that same was repaired.

IV. *Issues of Facts Which Remain to Be Litigated.*

All other facts must be litigated."

We believe that Mrs. Namy's testimony, particularly against the background of the stipulation, represented evidence from which the jury could have found that she had testified in effect that the tire which came off was one which she had bought from and had installed by General Tire and that the company had tacitly conceded as much by its actions on inspection and repair of the car.

We take judicial notice that, under the facts of this case, defendant would have been able on the inspection of the car positively to identify its tires by appearance, by trademark, and by identification numbers. The jury could have found that if defendant had not installed the tire which came off Mrs. Namy's car, it would not have assumed responsibility for supplying repair and transportation services to her. Nor, of course, would it have entered into the pretrial stipulation recited above.

Under the time sequence in this case, the jury had ample evidence from which

to infer (if it saw fit to do so) that defendant's failure to install or tighten the lugs on the left rear wheel was negligence which caused the wheel to come off. Such an inference is well within the Michigan rule as exemplified in Kaminski v. Grand Trunk W. R. Co., 347 Mich. 417, 79 N.W.2d 899 (1956).

The judgment of the District Court is vacated and the case is remanded for new trial.